UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA BARRY,<br>     Plaintiff,<br><br>v.<br><br>UMASS MEMORIAL MEDICAL CENTER, INC.,[1]<br>     Defendant. | CIVIL ACTION NO. 4:16-CV-40104 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF ITS PARTIAL MOTION TO DISMISS[2]**

This action arises out of the former employment relationship between Plaintiff Cynthia Barry (the "Plaintiff") and Defendant UMass Memorial Medical Center, Inc. ("UMass Memorial" or "Defendant"). While employed by UMass Memorial the Plaintiff's employment was subject to the terms and conditions set forth in the collective bargaining agreement entered into between State Healthcare and Research Employees ("SHARE" or the "Union") and UMass Memorial. The Plaintiff's employment was terminated following an investigation into missing controlled substances in the area where the Plaintiff worked. In her Complaint, the Plaintiff alleges a number of claims, including: (a) Count I - Wrongful Discharge, arising out of her termination of employment allegedly "without just cause"; (b) Count IV – Intentional Infliction

---

[1] The Plaintiff's Complaint names the Defendant as "UMass Memorial Medical Center/UMass Memorial Healthcare." The proper name of the Plaintiff's former employer is UMass Memorial Medical Center, Inc.

[2] CHL has not filed an Answer to the Complaint as the filing of a partial motion to dismiss extends the time to answer until resolution of the motion. See e.g., FED.R.CIV.P. 12(a)(4); Tingley Sys., Inc. v. CSC Consulting, Inc., 152 F.Supp.2d, 95, 121 (D. Mass. 2001) (holding service of a partial motion to dismiss extends the time to file an answer under Rule 12); Nat'l Cas. Co. v. OneBeacon Am. Ins. Co., 2013 WL 3335022, at *6 (D. Mass. July 1, 2013) (stating that a "partial motion to dismiss suspends the time to answer the claims not subject to the motion").

of Emotional Distress, arising out of "the accusations of the theft of narcotics, and termination of employment ….''; (c) Count V – Declaratory Relief under M.G.L. c. 231A seeking a declaration that "her termination of employment [was] in violation of the SHARE (UMass contract)"; and (d) Counts VI and VII, Breach of Contract, arising out of alleged breaches of the collective bargaining agreement between the Union and UMass Memorial.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, UMass Memorial hereby moves for dismissal with prejudice of Counts I, IV, V, VI, and VII, of the Complaint. As set forth below, Plaintiff's state law wrongful discharge and contract based claims in Counts I, V, VI, and VII should be dismissed because they are preempted by Section 301 of the federal Labor Management Relations Act ("LMRA"). The Plaintiff's claim in Count IV should be dismissed because it is barred by the exclusivity provision in the Workers' Compensation Act, which provides the exclusive remedy for such claims.

## FACTUAL BACKGROUND

The Plaintiff was formerly employed by UMass Memorial as a respiratory therapist. In that role she was a member of the bargaining unit represented by the Union. Complaint ¶ 8. The Union entered into a collective bargaining agreement with UMass Memorial. Id. The Plaintiff's employment at UMass Memorial was subject to the terms and conditions set forth in the collective bargaining agreement. A true and accurate copy of the collective bargaining agreement is attached hereto as **Exhibit A**. [3]

---

[3] Where, as here, the plaintiff had notice of the document and relied upon it in framing the complaint, the attachment of such a document to a motion to dismiss is permissible and does not convert the motion to one for summary judgment. See Fudge v. Penthouse Int'l, Ltd., 840 F.2d 1012, 1015 (1st Cir.), *cert. denied*, 109 S.Ct. 65 (1988) ("When [a] plaintiff fails to introduce a pertinent document as part of his pleading, [a] defendant may introduce the exhibit as part of his motion attaching the pleading") (citing 5 C. Wright, et al., *Fe.l Prac. & Proc.* § 1327 at 489 (1969); In re Computervision Corp. Sec. Litig., 869 F.Supp. 56, 59-60 (D. Mass. 1994) (holding that the defendant's attachment of a document to a motion to dismiss was "proper and did not convert the motion to dismiss into one for summary judgment").

Generally, in her Complaint, the Plaintiff alleges that after being placed on investigative leave, she was called into a meeting and accused of "breaking an envelope and taking narcotic medications."  Complaint ¶ 13.  She claims that she was threatened that she would be reported for committing a crime.  Complaint ¶ 15.  She alleges that Connie St. Amand, a human resources representative for UMass Memorial, requested to meet with the Plaintiff for a second time, but that she did not attend the meeting because her counsel was not allowed to participate in the meeting with her.  Complaint ¶ 18.  Her employment was terminated on November 17, 2015.  Complaint ¶ 4.

The Plaintiff alleges that the records produced by UMass Memorial after her termination "demonstrate no evidence of wrongdoing against Barry and state others are responsible for the monitoring of narcotic drugs" and that "[n]o evidence of theft of drugs by Barry have been produced …."  Complaint ¶¶ 19, 41.  The Plaintiff claims that "there is no proof that Barry did anything but her lawful duty as a Respiratory Therapist with an unblemished record."  Complaint ¶ 48.  The allegations against Barry are allegedly a "fabrication and outright lie …."  Complaint ¶ 49.

Based on the Plaintiff's allegations, the Plaintiff alleges the following claims in her complaint:  (a) Count I – Wrongful Discharge, arising out of her termination of employment allegedly "without just cause"; (b) Count II – Wrongful Discharge, arising out of alleged defamation of the Plaintiff; (c) Count III – Libel, based upon UMass Memorial allegedly creating written records causing damages of libel against Barry; (d) Count IV – Intentional Infliction of Emotional Distress, arising out of "the accusations of the theft of narcotics, and termination of employment …."; (e) Count V – Declaratory Relief under M.G.L. c. 231A seeking a declaration that "her termination of employment [was] in violation of the SHARE (UMass contract)"; (f)

Count VI – Breach of Contract, arising out of an alleged breach of contract of employment; (g) Count VII – Breach of Contract, alleging that "UMass Memorial violated the union contract by terminating her without cause …." Complaint, ¶¶ 63-88.

### ARGUMENT

**I.    Standard of Review.**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007).  Although detailed factual allegations are not necessary to survive a motion to dismiss, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.  "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 13 (1st Cir. 2011).  In this instance, the Plaintiff clearly fails to allege a plausible entitlement to relief in Counts I, IV, V, VI, and VII.

**II.   Plaintiff's Claim in Count I - Wrongful Discharge – Should be Dismissed Because it is Preempted by Section 301 the Labor Management Relations Act.**

Plaintiff's claim of wrongful discharge asserted in Count I is categorically preempted by Section 301 of the Labor Management Relations Act ("LMRA").  Section 301 provides, in relevant part:

> Suits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties . . .

See 29 U.S.C. § 185(a).  It is well-established that Section 301 "completely preempts a state law claim if the resolution of the claim necessitates analysis of, or substantially depends on the meaning of, a collective bargaining agreement." Quesnel v. Prudential Ins. Co., 66 F.3d 8, 10 (1st Cir. 1995) (citing Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405-06 (1988));

Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985); Magerer v. John Sexton & Co., 912 F.2d 525, 528 (1st Cir. 1990)). Wrongful termination claims are preempted because the "[d]etermination of whether [the plaintiff] was indeed wrongfully terminated . . . would require a court . . . to immerse itself in the CBA's terms." Quesnel, 66 F.3d at 11; see e.g., Carmack v. Nat'l R.R. Passenger Corp., 486 F.Supp.2d 58, 86 (D. Mass. 2007) (finding that a former employee's wrongful termination claim is preempted because the claim is "inextricably intertwined with the meaning of terms in the CBA") (internal quotations omitted); Rogers v. NStar Elec., 389 F.Supp.2d 100, 107 (D. Mass. 2005) (dismissing a former employee's claim of wrongful termination because it is "clearly preempted by section 301"); Cullen v. E.H. Friedrich Co., Inc., 910 F.Supp. 815, 822 (D. Mass. 1995) (dismissing a former employee's wrongful termination claim because "any such claim" is preempted by § 301).

In Count I, the Plaintiff alleges that UMass Memorial terminated her employment "without just cause." Complaint ¶ 64. The Plaintiff admits in her complaint, however, that her employment at UMass Memorial was subject to the terms and conditions of the collective bargaining agreement. Complaint ¶¶ 8, 86, and 87. The collective bargaining agreement contains a specific process that is to be followed when disciplining members of SHARE, including termination. In the event of a disagreement over the actions taken by UMass Memorial, the collective bargaining also includes a four step problem solving process that culminates in mediation or arbitration, depending upon the choice of the parties.

Resolution of the claim that the Plaintiff was wrongfully discharged would, therefore, require this court to "immerse itself in the CBA's terms." See Quesnel, 66 F.3d at 11. Specifically, to resolve Plaintiff's claim, the Court would need to interpret the collective bargaining agreement to determine if (a) Plaintiff could be terminated without just cause; and (b)

whether the termination comported with the disciplinary process set forth in the collective bargaining agreement. Accordingly, because Plaintiff's claim is inextricably intertwined with the meaning of the terms of the collective bargaining agreement, it is preempted by Section 301 of the LMRA and should be dismissed with prejudice.

> **III. Plaintiff's Contract Claims in Counts V, VI, and VII Should be Dismissed Because They are, Likewise, Preempted by Section 301 the Labor Management Relations Act.**

Just as with claims of wrongful discharge, state law contract claims are preempted by Section 301 of the Labor Management Relations Act where resolution of the claim requires the analysis of or depends upon the meaning of a collective bargaining agreement. Quesnel, 66 F.3d at 10. "[T]he Supreme Court has deemed labor contracts within its scope 'creatures of federal law' and 'treats section 301 as a warrant both for removing to federal court state law claims preempted by section 301 and then dismissing them.'" Haggins v. Verizon New England, Inc., 648 F.3d 50, 54 (1st Cir. 2011) (quoting O'Donnell v. Boggs, 611 F.3d 50, 53 (1st Cir. 2010)). "This doctrine 'applies most readily to state-law contract claims purporting to enforce CBAs covered by section 301. . .'" Id. (quoting O'Donnell, 611 F.3d at 54); see also Deranamie v. Cmty. Healthlink, Inc., et. al., 146 F.Supp.3d 407, 411-12 (D. Mass. 2015) (Hillman, J.) (dismissing plaintiff's wrongful termination claim because it is preempted by Section 301).

In this instance, in Counts V, VI, and VII, the Plaintiff seeks to do just that, enforce the terms of a collective bargaining agreement through state law contract claims. Specifically, in Count V, the Plaintiff asserts a claim for declaratory relief under M.G.L. c. 231A seeking a declaration that the Plaintiff's "termination of employment [was] in violation of the SHARE (UMass contract)." Complaint ¶ 80. In Count VI the Plaintiff alleges that UMass Memorial breached its "contract of employment with Barry" which is a further reference to the collective

bargaining agreement, as the Plaintiff also alleges "Barry was covered by a UMass contract with SHARE." Complaint ¶¶ 8, 83.  In Count VII, the Plaintiff, again, invokes the collective bargaining agreement and alleges, "Barry has standing under the contract … UMass Memorial violated the union contract by terminating her without cause …." Complaint ¶¶ 87, 88.  Clearly, resolution of such contract claims require the analysis of and interpretation of the terms of the collective bargaining agreement.  As such, the Plaintiff's claims in Counts V, VI, and VII are preempted and should be dismissed.

### IV. Plaintiff's Claim in Count IV – Intentional Infliction of Emotional Distress – is Barred by the Exclusivity Provision of the Workers' Compensation Act.

Common law actions are barred by the exclusivity provision of the Workers' Compensation Act[4] where: "the plaintiff is shown to be an employee; [her] condition is shown to be a 'personal injury' within the meaning of the [workers'] compensation act; and the injury is shown to have arisen 'out of and in the course of … employment.'" Green v. Wyman-Gordon Co., 422 Mass. 551, 558 (1996) (quoting Foley v. Polaroid Corp., 381 Mass. 545, 548-49 (1980)); see also Tian v. Aspen Tech., Inc., 53 F.Supp.3d 345, 368 (D. Mass. 2014) (applying Green).  Courts have interpreted the definition of personal injury to include emotional harm such that, "[c]laims for 'emotional distress resulting from employment termination, wrongful or otherwise, are precluded by [the] exclusivity provision.'" Lennon v. Walsh, 798 F.Supp. 845, 848 (D. Mass. 1992) (quoting Parisi v. Trs. of Hampshire Coll., 711 F.Supp. 57, 63 (D. Mass. 1989)); see also Tian, 53 F.Supp.3d at 368 (holding that "due to the availability of the Workers' Compensation Act, [the plaintiff] cannot sustain her claim . . . for the intentional infliction of

---

[4] The Workers' Compensation Act, M.G.L. c. 152, § 24 provides, in pertinent part: "[a]n employee shall be held to have waived his right of action at common law . . . in respect to an injury that is compensable under this chapter, to recover for personal injuries, if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such right . . . ." The Plaintiff gave no such written notice at the time of hire.

emotional distress"). Indeed, the Supreme Judicial Court has stated that "the exclusivity provision of the workers' compensation act also precludes an action against an employer for negligent and intentional infliction of emotional distress . . ." Doe v. Purity Supreme, Inc., 422 Mass. 563, 566 (1996).

In this instance, the Plaintiff's claim of intentional infliction of emotional distress is based upon the Plaintiff's alleged emotional distress endured as a result of UMass Memorial's investigation into missing controlled substances and the Plaintiff's termination of employment following that investigation.  It is undisputed that the Plaintiff was an employee of UMass Memorial and that emotional harm constitutes a personal injury within the meaning of the Workers' Compensation Act.  Further, given the Plaintiff's allegations, it is clear that the alleged injury arises out of and in the course of her employment.  As such, the Plaintiff meets all of the required elements for the workers' compensation bar.  Count IV should be dismissed accordingly.

## CONCLUSION

For the foregoing reasons, the Defendant requests that its motion be granted and that the Court dismiss Plaintiff's claims in Counts I, IV, V, VI, and VII.

**UMASS MEMORIAL MEDICAL CENTER, INC.**

By its attorneys,

/s/ Amanda Marie Baer
Robert L. Kilroy, BBO #636853
Michael P. Murphy, BBO #654053
Amanda Marie Baer, BBO #681386
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581-3926
Phone: (508) 898-1501
Fax:    (508) 898-1502

Dated:  July 20, 2016

## CERTIFICATE OF SERVICE

I, Amanda Marie Baer, hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this day.  Specifically, I hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid to Howard J. Potash, Esq., 390 Main Street, Suite 542, Worcester, MA 01608.

 /s/  Amanda Marie Baer
Amanda Marie Baer

Date:  July 20, 2016